IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.  7:23cv00059 |
| ZACKARY MICHAEL LOVERN | ) ) ) | |
| Serve: 4612 Alum Ridge Road NW Riner, Virginia 24149 (Montgomery County) | ) ) ) ) | |
| and | ) ) | |
| FRANCES ANN COX | ) ) ) | |
| Serve: 173 Country Ln NW Riner, Virginia 24149 (Montgomery County) | ) ) ) ) ) | |
| and | ) ) | |
| ERIE INSURANCE COMPANY | ) ) ) | |
| Serve: James E. Weaver, Registered Agent Colonnade Corporate Center 2820 Electric Rd., Suite 100 Roanoke, VA 24018 (Roanoke County) | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff" or "State Farm"),

by counsel, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Fed. R. Civ.

P. 57, as its Complaint for Declaratory Judgment states the following:

**NATURE OF THE CASE**

1.      This is an action for declaratory judgment in which State Farm seeks a determination of the rights, duties, status and other legal relations and obligations, if any, of the parties hereto under a Personal Auto Policy of insurance (Policy Number 035 5417-D04-46M) (referred to hereafter as "the Policy") issued by State Farm to Jonathan L. Stump ("Stump") and delivered to Stump in Riner, Virginia (Montgomery County).  A true copy of the Policy, including the policy declarations, forms and endorsements, is attached to this Complaint as **Exhibit 1.**

2.      An actual, justiciable controversy exists among the parties regarding their respective rights, duties, status and other legal relations and obligations, if any, under the terms and conditions of the Policy.

3.      Specifically, State Farm seeks a declaratory judgment as to whether it is obligated under the Liability Coverage (Part A) section of the Policy to provide liability coverage (including a defense and indemnity) to Defendant Zackary Michael Lovern in connection with a personal injury action now pending in the Circuit Court for Montgomery County, Virginia, captioned *Frances Ann Cox v. Zackary Michael Lovern*, Case Number CL20002786-00 (referred to hereafter as "the Underlying Lawsuit").  A true copy of the complaint filed in the Underlying Lawsuit is attached to this Complaint as **Exhibit 2.**

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between the Plaintiff and each Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Specifically:

- Diversity of citizenship: State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois, and therefore a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).  Zackary Michael Lovern and Frances Ann Cox are both citizens of Virginia.

Erie Insurance Company is a Pennsylvania corporation with its principal place of business in Erie, Pennsylvania, and therefore a citizen of Pennsylvania pursuant to 28 U.S.C. § 1332(c)(1). None of the defendants is a citizen of Illinois.

- Amount in controversy: The Underlying Lawsuit demands a judgment against Lovern in the total amount of $600,000, including compensatory damages of $250,000, and punitive damages of $350,000. The Bodily Injury Liability Coverage Limit of the Policy (if it applies) is $100,000.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The Western District of Virginia, Roanoke Division is a judicial district and division in which: (i) a substantial part of the events or omissions giving rise to this declaratory judgment action occurred; (ii) the Underlying Lawsuit is pending; and (iii) all defendants are subject to the Court's personal jurisdiction with respect to this declaratory judgment action.

**PARTIES**

6.      Plaintiff State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. State Farm is licensed to do business as an insurance company and is doing business in the Commonwealth of Virginia. State Farm issued the Personal Auto Policy of insurance (Policy Number 035 5417-D04-46M) which is the subject of this action.

7.      Defendant Zackary Michael Lovern ("Lovern") is a resident of Montgomery County, Virginia, and a citizen of Virginia. Lovern is the defendant in the Underlying Lawsuit.

8.      Defendant Frances Ann Cox ("Cox") is a resident of Montgomery County, Virginia, and a citizen of Virginia. Cox is the plaintiff in the Underlying Lawsuit, and has been joined as a party herein to the extent her rights or interests may be affected by the resolution of this declaratory judgment action.

9.      Erie Insurance Company ("Erie") is a Pennsylvania corporation with its principal

place of business in Erie, Pennsylvania.  Erie is licensed to do business as an insurance company

and is doing business in the Commonwealth of Virginia.  Upon information and belief, Erie has

been served with process in the Underlying Lawsuit as the uninsured motorist insurer for Cox, *see*

**Exhibit 2** (Complaint at ¶ 24), and has been joined as a party herein to the extent its rights or

interests may be affected by the resolution of this declaratory judgment action.

## FACTS

10.    On account of a motor vehicle accident that occurred on September 12, 2020 in

Montgomery County, on November 20, 2020 Cox initiated the Underlying Lawsuit against Lovern

with the filing of a complaint in the Circuit Court of Montgomery County.  *See* **Exhibit 2**.

11.    The Underlying Lawsuit alleges in part that "[o]n the 12th day of September, 2020,

the plaintiff [Cox] was lawfully operating her motor vehicle traveling south on North Franklin

Street in Montgomery County, Virginia"; that "Plaintiff brought her vehicle to a lawful stop at the

intersection of North Franklin Street and Independence Boulevard in response to a red traffic

light"; that "[a]t the same time and place, another motor vehicle being operated by Latoya Shantae

Mayweather … was traveling behind the plaintiff along North Franklin Street in Montgomery

County, Virginia and was also lawfully stopped behind the plaintiff's vehicle at the intersection of

North Franklin Street and Independence Boulevard"; that "[a]t the same time and place, the

defendant was operating his motor vehicle traveling south in the same direction on North Franklin

Street behind the plaintiff's vehicle and behind the Mayweather vehicle in Montgomery County,

Virginia"; that "[a]t all times relevant hereto, the plaintiff [Cox] and the defendant [Lovern] were

residents/citizens of the Commonwealth of Virginia"; that "[w]hile the plaintiff was lawfully

stopped on North Franklin Street in response to a red traffic light at the intersection of North

Franklin Street and Independence Boulevard, in Montgomery County, Virginia, the defendant

carelessly, recklessly, willfully and wantonly, negligently and without any notice, signal or

warning of any kind or nature, did suddenly and violently collide with the rear of the Mayweather

vehicle with such force that it propelled the Mayweather vehicle into the rear of plaintiff's vehicle

causing a three car collision"; and that "[t]he defendant, who was later determined to be driving

under the influence of alcohol, then did intentionally flee the scene of the accident abandoning the

injured plaintiff and other injured individuals." (**Exhibit 2**, Complaint at ¶¶ 1-5.)

12.     The complaint filed in the Underlying Lawsuit is alleged in three counts: Count I

is entitled "Negligence", Count II is entitled "Punitive Damages – Hit and Run", and Count III is

entitled "Punitive Damages – DUI".  The Underlying Lawsuit demands an award of compensatory

damages of $250,000, and an award of punitive damages of $350,000.

13.     Upon information and belief, at the time of the subject motor vehicle accident on

September 12, 2020, Lovern was living at the residence of his step-sister, Kaylee Stump, and her

husband, Jonathan L. Stump, in Riner, Virginia.  At that time, Jonathan L. Stump was the named

insured under the subject Policy of insurance issued by State Farm.

14.     An actual, justiciable controversy exists among the parties as to whether State Farm

is obligated under the provisions of the Policy to provide Liability Coverage (including a defense

and indemnity) to Lovern for his alleged liability to Cox in the Underlying Lawsuit.

15.     State Farm is providing Cox with a defense in the Underlying Lawsuit, while

specifically reserving its right to deny Liability Coverage under the terms and provisions of the

Policy for the reasons described more fully herein.

**COUNT I**
**(Request For Declaratory Relief – Liability Coverage Excluded By The Policy)**

16.     The allegations set forth in paragraphs 1 through 15 above are hereby re-alleged

and incorporated by reference as if fully set forth herein.

17.     The Policy's Insuring Agreement (Part A – Liability Coverage) provides in part:

**Insuring Agreement**

We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for damages which are payable under the terms of this Policy, even if any of the allegations of the claim or suit are groundless, false or fraudulent. In addition to our limit of liability, we will pay all defense costs we incur. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

"Insured" as used in this Part means:

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer."
2. Any person using or responsible for the use of "your covered auto."
3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Paragraph **4.** applies only if the person or organization does not own or hire the auto or "trailer".

(**Exhibit 1**, Personal Auto Policy Endorsement 6946A.4, at p. 2 of 7, ¶ II.A.).

18.    As defined by the Policy, "'[f]amily member' means a person related to you by blood, marriage or adoption who is a resident of your household." (*Id.*, Policy Form 9846P, at p. 3, ¶ F (Definitions).) Upon information and belief, Lovern qualified as a "family member" at the time of the subject motor vehicle accident because he was residing in the household of his step-sister, Kaylee Stump, and her husband Jonathan L. Stump.

19.    Notwithstanding, the Policy expressly excludes "Liability Coverage for the ownership, maintenance or use of … [a]ny vehicle, other than 'your covered auto', which is: a. [o]wned by any 'family member'; or b. [f]urnished or available for the regular use of any 'family member'." (*Id.*, Policy Form 9846P, at p. 6, ¶ B.3 (Exclusions).)

20.    At the time of the subject motor vehicle accident, Lovern was operating a Ford Mustang, which was owned by Lovern.

21.     At the time of the subject motor vehicle accident, Lovern was operating a Ford Mustang, which was furnished or available for the regular use of Lovern.

22.     The Ford Mustang operated by Lovern at the time of the subject motor vehicle accident was not shown in the Policy's Declarations, nor was the vehicle owned by the named insured (Jonathan L. Stump) or his spouse (Kaylee Stump).

23.     The Ford Mustang operated by Lovern at the time of the subject motor vehicle accident did not qualify as "your covered auto" as that term is defined by the Policy.

24.     The Policy excludes Liability Coverage because the Underlying Lawsuit alleges liability on the part of Lovern arising out of his ownership, maintenance or use of "[a]ny vehicle, other than 'your covered auto', which is … [o]wned by any 'family member'[.]" (*Id.*, Policy Form 9846P, at p. 6, ¶ B.3 (Exclusions).)

25.     The Policy excludes Liability Coverage because the Underlying Lawsuit alleges liability on the part of Lovern arising out of his ownership, maintenance or use of "[a]ny vehicle, other than 'your covered auto', which is … [f]urnished or available for the regular use of any 'family member'." (*Id.*, Policy Form 9846P, at p. 6, ¶ B.3 (Exclusions).)

26.     An actual, justiciable controversy exists as to whether Liability Coverage is excluded by operation of the Policy Exclusion (B.3) described above, in connection with Lovern's alleged liability to Cox in the Underlying Lawsuit.

27.     An actual, justiciable controversy exists as to whether State Farm is obligated to provide Liability Coverage (including a defense and indemnity) to Lovern in connection with the claims alleged by Cox in the Underlying Lawsuit.

## COUNT II
**(Alternative Request For Declaratory Relief – Breach of Policy Conditions)**

28.     The allegations set forth in paragraphs 1 through 27 above are hereby re-alleged

and incorporated by reference as if fully set forth herein.

29.     The subject motor vehicle accident occurred on September 12, 2020.

30.     The Underlying Lawsuit was filed on November 20, 2020.

31.     According to the record of the Montgomery County Circuit Court regarding the

Underlying Lawsuit, Lovern was served with the Summons and Complaint on December 8, 2020.

32.     State Farm was not notified of the accident or the Underlying Lawsuit until March

3, 2021.

33.     On January 8, 2021, the plaintiff (Cox) filed a Motion for Default Judgment in the

Underlying Lawsuit, attached as **Exhibit 3**.

34.     On January 15, 2021, the Montgomery County Circuit Court entered an Order

Granting Default Judgment against Lovern, attached as **Exhibit 4**.  Upon information and belief,

the Order Granting Default Judgment against Lovern has not been vacated or set aside to date.

35.     Part E of the Policy, entitled "Duties After An Accident Or Loss", provides in part:

> We have no duty to provide Liability Coverage or Coverage For Damage To Your
> Auto under this Policy if the failure to comply with the following duties is
> prejudicial to us:
> **A.** We must be notified promptly of how, when and where the accident or loss
> happened. Notice should also include the names and addresses of any injured
> persons and of any witnesses.
> **B.** An "insured", as defined under Part **A**, seeking Liability Coverage, or any person
> seeking coverage under Part **D**, must:
>> **1.** Cooperate with us in the investigation, settlement, or defense of any claim or
>> suit.
>> **2.** Promptly send us copies of any notices or legal papers received in connection
>> with the accident or loss.

(**Exhibit 1**, Personal Auto Policy Endorsement 6946A.4, at p. 4 of 7, ¶ V.).

36.     Lovern failed to comply with the above-referenced policy conditions by failing to

promptly notify State Farm of the September 12, 2020 accident and the Underlying Lawsuit; and

by failing to promptly send State Farm copies of any notices or legal papers (including the process

purportedly served on December 8, 2020) received in connection with the accident, which was prejudicial to State Farm.

37.    Lovern's failure to comply with the above-referenced policy conditions was prejudicial to State Farm because, as noted above, on January 15, 2021 the Montgomery Circuit Court entered an Order Granting Default Judgment against Lovern, which has not been vacated or set aside to date.

38.    In the event the Court declares that Liability Coverage is *not* excluded by operation of the Policy Exclusion (B.3) as alleged in Count I above, then (in the alternative) an actual, justiciable controversy exists as to whether Lovern's failure to comply with the aforementioned policy conditions relieves State Farm from any obligation it might otherwise owe under the Policy to provide Liability Coverage (including a defense and indemnity) to Lovern in connection with the claims alleged by Cox in the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, State Farm Mutual Automobile Insurance Company prays that this Honorable Court grant State Farm the requested declaratory relief and enter an Order which:

(a) declares the rights, duties, status and other legal relations and obligations, if any, of the parties under the subject Personal Auto Policy of insurance (Policy Number 035 5417-D04-46M) issued by State Farm to Jonathan L. Stump;

(b) declares that the Policy excludes Liability Coverage because the Underlying Lawsuit alleges liability on the part of Lovern arising out of his ownership, maintenance or use of "[a]ny vehicle, other than 'your covered auto', which is … [o]wned by any 'family member'", as set forth in the Policy (Form 9846P, at p. 6, ¶ B.3);

(c) declares that the Policy excludes Liability Coverage because the Underlying Lawsuit alleges liability on the part of Lovern arising out of his ownership, maintenance or use of

"[a]ny vehicle, other than 'your covered auto', which is … [f]urnished or available for the regular use of any 'family member'", as set forth in the Policy (Form 9846P, at p. 6, ¶ B.3);

(d) declares (alternatively) that Lovern's failure to comply with the conditions set forth in Part E of the Policy ("Duties After An Accident Or Loss") relieves State Farm of any obligation it might otherwise owe under the Policy to provide Liability Coverage (including a defense and indemnity) to Lovern in connection with the claims alleged by Cox in the Underlying Lawsuit;

(e) declares that State Farm owes no duty or obligation under the Policy to provide Liability Coverage (including a defense and indemnity) to Lovern in connection with the claims alleged in the Underlying Lawsuit; and

(f) awards State Farm its costs incurred in this action.

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

By:    _/s/ Alexander S. de Witt_____
Alexander S. de Witt, Esq. (VSB 42708)
BUTLER SNOW LLP
919 East Main Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 762-6030
Direct: (804) 762-6026
Fax: (804) 762-6031
Email: alex.dewitt@butlersnow.com

*Attorney for Plaintiff State Farm Mutual Automobile Insurance Company*